IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KEVIN PERKINS, *et al.*,                )
                                        )
          Plaintiffs,                   )
                                        )
   v.                                   )     CASE NO. 2:14-CV-1171-WKW
                                        )            [WO]
MERION REALTY SERVICES,                 )
LLC, *et al.*,                          )
                                        )
          Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' motion to remand.  (Doc. # 4.)  Defendants filed a response in opposition.  (Doc. # 7.)  For the reasons that follow, the motion to remand is due to be granted.

## I.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  At the same time, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Hence, in actions removed from state court to federal court, federal courts must strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II. DISCUSSION

Plaintiff Kevin Perkins, along with eleven other adults and thirteen children, filed this action in the Circuit Court of Montgomery County, Alabama. The complaint, sounding exclusively in state law, alleged claims of (1) breach of contract, (2) trespass, (3) conversion, and (4) civil conspiracy against Merion Realty Services, LLC; Merion Realty Management, LLC; Robert M. Dominy; Melissa Daughtery; and Sean Stanford (collectively, "Defendants").  Defendants removed the action, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiffs filed a motion to remand, contending that Defendants failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 as required for a federal court to exercise diversity jurisdiction.[1]

Plaintiffs' complaint alleges that the practices and conditions of the Three Fountains Apartment complex, and its successor, the Green Meadow Apartment complex, violated Defendants' contractual obligations to provide habitable conditions.  Specifically, they contend that Defendants (1) refused to repair plumbing leaks permitting lower floor apartments to be flooded with waste water, (2) failed to inspect or repair electrical wiring resulting in shocks, smoking, and

---

[1] It is uncontested that the parties are diverse.

sparking from electrical outlets, and (3) failed to maintain or repair apartment units. The complaint also alleges that Plaintiffs' right to the enjoyment of the apartment units was abridged when Defendants or their agents changed the locks on units, effectively evicting tenants without judicial authority, and removed the personal property of leaseholders without permission or authority. Importantly, Plaintiffs do not specify the damages or compensation sought to make them whole. Rather, Plaintiffs demand judgment against Defendants, separately and severally, "for all compensatory and exemplary damages recoverable under Alabama law, plus costs and attorney fees." (Doc. # 1-1, at 15.)

When "a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Id.* ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)). Here, Defendants offer three pieces of evidence in support of their contention that the

amount in controversy exceeds the jurisdictional requirement: (1) a pre-mediation settlement letter and a pro tanto settlement produced in related state causes of action; (2) Plaintiffs' complaint; and (3) Plaintiffs' claim for punitive damages.

**1.      *The Pre-Mediation Settlement Letter and Pro Tanto Settlement***

A settlement demand letter will not alone establish that the amount in controversy exceeds $75,000, but "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Because "[s]ettlement offers commonly reflect puffing and posturing," they generally are "entitled to little weight in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Servicing, Inc*., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citing *Hall v. CSX Transp., Inc*., No. 3:06–CV–37–WKW, 2006 WL 3313682, at *3 n.5 (M.D. Ala. Nov. 14, 2006)). A settlement offer will only be entitled to additional weight when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim. *See Standridge v. Wal–Mart Stores, Inc*., 945 F. Supp. 252, 256–57 (N.D. Ga. 1996) (citing *Golden Apple Mgmt. Co. v. Geac Computers, Inc*., 990 F. Supp. 1368 (M.D. Ala. 1998)).

The relevant portion of the settlement letter upon which Defendants seek to rely provides as follows:

> We have taken into account the Defendants' concerns and, in the spirit of cooperation, we will modify our settlement demand. There are 12

children who were one-year-old or younger when they began living in the apartments. We are prepared to recommend settlement of those minors' claims for $5000.00 each subject to approval by the guardian *ad litem* and the court. The plaintiff will unilaterally reduce their demand to $190,000.00 per plaintiff, a reduction of $35,000.00 per plaintiff from the initial demand, which in light of Alabama case law and results in other mass injury cases is quite modest–especially under the facts of these cases.

We are currently evaluating approximately 30 additional claims (including 10 minors) against these defendants and plan to either resolve these claims or litigate them in a separate [fourth] suit.

(Doc. # 1, at 7.) Defendants argue that the letter establishes that Plaintiffs value the claim of each adult at $190,000.00.

This letter, however, was not drafted with specific regard to Plaintiffs' claims against these Defendants. Rather, the letter was mailed prior to the mediation of three state court causes of action that are related to the present lawsuit. While the three state actions arose out of the same factual allegations presented in this case and included all the parties present in the instant litigation,[2] the state lawsuits were brought on behalf of 145 claimants against a total of 13 defendants with a specific mind toward beginning a week-long mediation. Because the pre-mediation letter's cursory valuations necessarily took into account plaintiffs and defendants whose interests are not present in the instant litigation, it is entitled to little weight.

Additionally, the pre-mediation settlement letter does not contain facts from which an assessment of damages could be reasonably inferred. Indeed, the letter

---

[2] Counsel for Plaintiffs in this action also represented the plaintiffs in the three state cases.

expressly observes that the exercise is a speculative one.[3]   Because the settlement letter in this case does not reflect a reasonable estimate of the actual value of Plaintiffs' claims, it does not support Defendants' argument that the amount in controversy in this case exceeds $75,000.  *Cf. Benandi v. Mediacom Se., LLC*, No. 11-498, 2011 WL 5077403, at *3 (S.D. Ala. Sept. 30, 2011) (where plaintiff counsel's letter demanded $92,000 and described in detail plaintiff's injuries, the costs incurred to date and anticipated, and specifically described the figure as "a conservative estimate," it was not a speculative lump sum demand and was properly considered in denying motion to remand); *McKeel v. Hodum Trucking, LLC*, No. 12-079, 2012 U.S. Dist. LEXIS 93781, at *10–13 (S.D. Ala. June 18, 2012) (plaintiff's demand letter seeking $232,653.58 could be considered in determining whether the actual amount in controversy exceeded $75,000 where the damages were broken down into identified, specific costs for past and future damages).

Ultimately, the letter fails to provide particularized information and a reasonable assessment of value and, instead, is indicative of posturing and abstract assessments.  *See Jackson*, 651 F. Supp. 2d at 1281; *see also Diaz v. Big Lots Stores, Inc.*, No. 5:10cv319, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) ("The evidentiary value of a settlement offer in establishing the amount in controversy

---

[3] Defendants ignore a relevant paragraph of the October 3 letter in which Plaintiffs' counsel cites to the Alabama Pattern Jury Instructions on mental anguish, which instructs Alabama juries that there is no "legal rule or yardstick" for such damages.  Counsel then specifically observes that "In the absence of a legal rule or yardstick then, setting the amount of plaintiffs' claims is **purely subjective** regardless of whether that is done at mediation or trial."  (Doc. # 1-6, Ex. E) (emphasis added.)

depends on the circumstances of the offer."). Accordingly, the pre-mediation letter does not establish by a preponderance of the evidence that Plaintiffs' claims exceed the jurisdictional amount.

For similar reasons, the pro tanto settlement is also of little help to Defendants. As grounds for removal, Defendants highlighted that the state court mediation concluded in a confidential pro tanto settlement between the claimants and a portion of the state court defendants. While not disclosing the settlement amount, Defendants assert that the pro rata amount of the settlement each state court plaintiff received, when "multiplied by the 25 Plaintiffs in th[is]case[ ], produces an amount in excess of the jurisdictional minimum." (Doc. # 1.) In addition to the settlement amount incorporating party interests not present in the instant litigation, Defendants appear to misapply relevant judicial principles.

It is well settled that a claim by multiple plaintiffs normally cannot be aggregated to reach the jurisdictional threshold. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001) ("Generally, if no single plaintiff can satisfy the jurisdictional amount, then there is no diversity jurisdiction."). Only if one plaintiff's claims meet the jurisdictional minimum, will the court have diversity jurisdiction over the claims and be able to exercise supplemental jurisdiction over the claims of additional diverse plaintiffs. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 659 (2005). In light of this non-aggregation principle, the pro tanto settlement fails to prove by a preponderance of the evidence that any one Plaintiff's claims meet the jurisdictional requirement.

### 2.    *The Complaint*

Defendants also contend that "removability, based on the amount in controversy, is apparent from the four corners of the complaint . . . ." (Doc. # 7, at 4.)  This is so, Defendants contend, because the court can make an independent valuation of the allegations of the complaint.  They explain that this valuation may be made without regard to Plaintiffs' assessment of the damages to be recovered and is accomplished using "reasonable deductions, reasonable inferences or other reasonable extrapolations." (Doc. # 7, at 4.)  The authority for such judicial divining is said to be *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (11th Cir. 2010).

According to Defendants, Plaintiffs have made "serious and specific allegations against these Defendants" which enables the court to use "experience and common sense" to correctly determine the true amount in controversy.  (Doc. # 7, at 5.)  Defendants' reading of *Roe* is exuberant.  Although *Roe* recognizes that "judicial experience and common sense" may support "reasonable inferences" drawn "from the pleadings" to determine whether "the case stated in [the] complaint meets federal jurisdictional requirements," nothing in *Roe* permits the court to indulge in speculation or fill empty gaps in a plaintiff's factual averments with unfounded assumptions about what the evidence may show.  613 F.3d at 1061.

"Judicial experience and common sense" are useless for making "reasonable" deductions, inferences, and extrapolations when the complaint is devoid of any averments from which to deduce, infer, or extrapolate.  A reasonable inference "is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a

8

disputed fact exists on the basis of another fact that is known to exist." *Arrington v. State Farm Ins. Co.*, No. 2:14-cv-209-CSC, 2014 WL 2961104, at *6 (M.D. Ala. July 1, 2014) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)). "[W]ithout facts or specific allegations, the amount in controversy" can be determined "only through speculation – and that is impermissible." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007)).

Moreover, it is axiomatic that on a motion to remand all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court, *see Burns*, 31 F.3d at 1095; thus, to the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must indulge those inferences most favorable to remand. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction); *Pretka*, 608 F.3d at 753–54 ("[W]ithout facts or specific allegations, the amount in controversy could be 'divined [only] by looking at the stars' – only through speculation – and that is impermissible.").

While Plaintiffs note that they do allege compensatory damages in the context of emotional distress, the court in *Benton v. State Farm & Casualty Co.*, No. 2:14-CV-77, 2014 WL 2002851 (M.D. Ala. May 15, 2014), highlighted that specific allegations of harm contained in a complaint says nothing about the value of the claims no matter the seriousness of the general assertion. 2014 WL 2002 851, at *3 ("In the court's 'judicial experience,' 'physical and mental distress' and 'emotional

anguish' vary widely depending on the circumstances, and similar circumstances may affect different plaintiffs in different ways."). Simply contending that Defendants' acts or omissions caused mental harm says nothing about the value of those claims. Accordingly, the complaint does not "on its face" support removing the action from the state court.

### 3. *Punitive Damages*

Lastly, Defendants contend that the court should weigh the "serious" nature of the allegations in the complaint in favor of assessing the damages for mental distress in excess of $75,000.00. Defendants are correct that a plaintiff prevailing on a tort claim is authorized under Alabama law to recover additional damages beyond the compensatory amount of the underlying policy claim, including for emotional distress and punitive damages. *See Dempsey v. Auto Owners Ins. Co.*, 717 F.2d 556, 561–62 (11th Cir. 1983). And it is appropriate for the court to consider the value of those categories of damages in light of the state-law standards governing their award and review. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240–43 (1943); *Roe*, 613 F.3d at 1065–66; *Broughton v. Fla. Int'l Underwriters, Inc.,* 139 F.3d 861, 863–64 (11th Cir. 1998); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). However, Defendants are not called on to show that Plaintiffs may be awarded more than the jurisdictional requirement; they must show that it is more likely than not that at least $75,000 is truly in controversy. *See Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F. Supp.

2d 1319, 1321 (N.D. Ala. 2001) ("The more recent cases, both federal and state, require courts to look realistically at claims for punitive damage based on fraud and/or bad faith, especially if the punitive damages, as claimed or awarded, are badly out of proportion to the actual damages claimed or awarded.").

Here, there is no basis from which an economic assessment may properly be said to begin. Plaintiffs alleged that Defendants' conduct caused them distress and for that they should receive compensation and that Defendants should be punished, nothing more. Neither the "value" of the claim nor the amount of the punishment can be determined in any principled manner. The court is not authorized to engage in speculation in the absence of a factual starting point, which is clearly absent here.

## III. CONCLUSION

Based on the foregoing analysis, it is ORDERED as follows:

1.      Plaintiffs' Motion to Remand (Doc. # 4) is GRANTED.

2.      This case is REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 6th day of March, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE